## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

SHANNON R. BILOTTA,

      Plaintiff,

                                               **CLASS REPRESENTATION**

v.

                                               Case No.:

CITIZENS INFORMATION ASSOCIATES,   Division:
LLC; ARTHUR D'ANTONIO, III; MUGLY
MEDIA, INC.; KYLE PRALL; RYAN
RUSSELL; STAR NINE VENTURES, INC.;
MAURICIO VILLASUSO; VIRTUAL POST
SOLUTIONS, INC.; WHOS ARRESTED,
LLC; and CRAIG WIGGEN,

      Defendants.

_____/

## CLASS ACTION COMPLAINT

      Plaintiff, Shannon R. Bilotta, individually and on behalf of all those similarly situated,

sues Defendants, Citizens Information Associates, LLC d/b/a **bustedmugshots.com** and

**mugshotsonline.com**; Arthur D'Antonio, III d/b/a **justmugshots.com** and **mugshots.mobi**;

Mugly Media, Inc. d/b/a **bustedmugshots.com**; Kyle Prall d/b/a **bustedmugshots.com** and

**mugshotsonline.com**; Ryan Russell d/b/a **mugshots.com** and **mugshotsworld.com**; Star Nine

Ventures, Inc. d/b/a **bustedmugshots.com**; Mauricio Villasuso d/b/a **arrestfiles.org**; Virtual

Post Solutions, Inc. d/b/a **justmugshots.com**; Whos Arrested, LLC d/b/a **whosarrested.com**;

Craig Wiggen d/b/a **arrests.org**, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

      1.    This is an action for damages in excess of $15,000.00, exclusive of interest,

attorneys' fees, and costs.

      2.    Plaintiff resides in Pinellas County, Florida.

3.     Citizens Information Associates, LLC ("CIA") is a foreign limited liability company with its principal place of business located in Austin, TX.  CIA operates the following websites: (a) **bustedmugshots.com**, and (b) **mugshotsonline.com**.  This Court has jurisdiction over CIA under § 48.193 of the Florida Statutes and applicable decisional law because, among other things, at all material times, it (i) committed a tortious act within this state, and (ii) is engaged in substantial and not isolated activity within this state.  In addition, sufficient minimum contacts exist between CIA and the State of Florida to satisfy the due process requirements of the United States Constitution.

4.     Arthur D'Antonio, III resides in Costa Mesa, CA.  He operates the following websites: (a) **justmugshots.com**, and (b) **mugshots.mobi**.  This Court has jurisdiction over Mr. D'Antonio under § 48.193 of the Florida Statutes and applicable decisional law because, among other things, at all material times, he (i) committed a tortious act within this state, and (ii) is engaged in substantial and not isolated activity within this state.  In addition, sufficient minimum contacts exist between Mr. D'Antonio and the State of Florida to satisfy the due process requirements of the United States Constitution.

5.     Mugly Media, Inc. ("MMI") is a foreign corporation with its principal place of business located in Austin, TX.  MMI operates the following website: **bustedmugshots.com**. This Court has jurisdiction over MMI under § 48.193 of the Florida Statutes and applicable decisional law because, among other things, at all material times, it (i) committed a tortious act within this state, and (ii) is engaged in substantial and not isolated activity within this state.  In addition, sufficient minimum contacts exist between MMI and the State of Florida to satisfy the due process requirements of the United States Constitution.

2

6.     Kyle Prall resides in Austin, TX.  He operates the following websites: (a) **bustedmugshots.com**, and (b) **mugshotsonline.com**.  This Court has jurisdiction over Mr. Prall under § 48.193 of the Florida Statutes and applicable decisional law because, among other things, at all material times, he (i) committed a tortious act within this state, and (ii) is engaged in substantial and not isolated activity within this state.  In addition, sufficient minimum contacts exist between Mr. Prall and the State of Florida to satisfy the due process requirements of the United States Constitution.

7.     Ryan Russell resides in Austin, TX.  He operates the following websites: (a) **mugshotsworld.com**, and (b) **mugshots.com**.  This Court has jurisdiction over Mr. Russell under § 48.193 of the Florida Statutes and applicable decisional law because, among other things, at all material times, he (i) committed a tortious act within this state, and (ii) is engaged in substantial and not isolated activity within this state.  In addition, sufficient minimum contacts exist between Mr. Russell and the State of Florida to satisfy the due process requirements of the United States Constitution.

8.     Star Nine Ventures, Inc. ("SNV") is a foreign corporation with its principal place of business in Austin, TX.  SNV operates the following website: **bustedmugshots.com**.  This Court has jurisdiction over SNV under § 48.193 of the Florida Statutes and applicable decisional law because, among other things, at all material times, it (i) committed a tortious act within this state, and (ii) is engaged in substantial and not isolated activity within this state.  In addition, sufficient minimum contacts exist between SNV and the State of Florida to satisfy the due process requirements of the United States Constitution.

9.     Mauricio Villasuso resides in Miami-Dade County, Florida.  He operates the following website: **arrestfiles.org**.

3

10.     Virtual Post Solutions, Inc. ("VPS") is a foreign corporation with its principal place of business located in Walnut, CA.     VPS operates the following website: **justmugshots.com**. This Court has jurisdiction over VPS under § 48.193 of the Florida Statutes and applicable decisional law because, among other things, at all material times, it (i) committed a tortious act within this state, and (ii) is engaged in substantial and not isolated activity within this state. In addition, sufficient minimum contacts exist between VPS and the State of Florida to satisfy the due process requirements of the United States Constitution.

11.     Whos Arrested, LLC ("Whos Arrested") is a foreign limited liability company with its principal place of business located in Las Vegas, NV.  Whos Arrested operates the following website: **whosarrested.com**.  This Court has jurisdiction over Whos Arrested under § 48.193 of the Florida Statutes and applicable decisional law because, among other things, it (i) committed a tortious act within this state, and (b) is engaged in substantial and not isolated activity within this state.  In addition, sufficient minimum contacts exist between Whos Arrested and the State of Florida to satisfy the due process requirements of the United States Constitution.

12.     Craig Wiggen resides in Flagler County, Florida.  He operates the following website: **arrests.org**.

13.     Venue is proper before this Court under Chapter 47 of the Florida Statutes because, among other things, Plaintiff's causes of action accrued in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

14.     Defendants operate websites that display the names of individuals and their photographs taken by law enforcement agencies after they have been arrested, among other identifying information.  These photographs are commonly referred to as "mug shots."

4

15.  To acquire content for their sites, upon information and belief, Defendants use automated software programs, commonly known as "internet bots" or "web crawlers," to extract data in real time from publicly accessible sources, such as websites hosted by law enforcement agencies, or other competitors' sites.  This process is sometimes referred to as "data mining."

16.  Defendants' automated software then publishes separate and individual web pages that list identifying information about the subjects of the mug shots, including the person's name, address, and other information, along with an image of the mug shot (the "Web Pages").

17.  Upon information and belief, Defendants then employ complex automated software algorithms, a process known as Search Engine Optimization ("SEO"), to maximize the likelihood that, following an Internet search of that person's name, a link to each respective Web Page will appear in the search engine's results.

18.  Upon information and belief, Defendants devise their websites to exploit popular Internet search engines' ranking methodologies to instantly catapult each individual's Web Page to the top ranking following a search for that person's name.

19.  The personal information, names, and mug shots of each individual are available to be viewed by members of the public that access Defendants' websites.

20.  Defendants' websites grow in commercial value as they acquire more data and consequently accumulate more unique page views by users.

21.  In addition to mug shots, Defendants' websites promote additional products and services that are separate and apart from the mug shots.  Each Defendant advertises and promotes at least one of the following: (a) distinct goods or services through advertisements that generate revenue for Defendants; or (b) "Unpublishing Services" that will remove an individual's Web Page

5

from a particular site in exchange for payment. No Defendant exclusively provides access to mug shots and other identifying information.

22.    On or about June 3, 2013, the Pinellas County Sheriff's Office arrested Plaintiff and took her mug shot.

23.    Thereafter, Defendants began publishing, printing, displaying, or otherwise publicly using (collectively, "publishing") Plaintiff's name, personal information, and mug shot on their websites.

24.    Without Plaintiff's consent, Defendants published Plaintiff's name, personal information, and mug shot for a commercial or advertising purpose.

25.    Defendants were not authorized to publish Plaintiff's name, personal information, and mug shot.

26.    Defendants continue to publish Plaintiff's name, personal information, and mug shot to this day.

27.    All conditions precedent to the commencement and prosecution of this action and the granting of the relief requested have been performed, satisfied, excused, or waived.

## CLASS REPRESENTATION ALLEGATIONS

28.    Plaintiffs, individually and on behalf of all those similarly situated, make the following class representation allegations.

29.    The proposed Class is defined as follows:

All Florida citizens whose mug shots and identifying information were published on Defendants' websites for the applicable statute of limitations period.

30.    While the exact number of class members is unknown to Plaintiff at this time, there are numerous Florida citizens who have had and continue to have their mug shots and names

published on Defendants' websites. The identities of the members of the Class are within knowledge of and can be ascertained from Defendants' records.

31.     The Class is so numerous that joinder of all of their members is impractical.

32.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff, like the Class members, had her name and likeness misappropriated by Defendants. Therefore, Plaintiff has no interests antagonistic to those of the members of the Class.

33.     This action poses numerous questions of law and fact that are common to Plaintiff and the members of the Class, and those common questions predominate over any questions affecting only individual members of the Class, including:

        a.      whether Defendants' publication of the names and mug shots of Plaintiff and the members of the Class on their websites has a commercial or advertising purpose;

        b.      whether Plaintiff and the members of the Class consented to Defendants' publication of their names and mug shots on Defendants' websites;

        c.      whether Defendants' publication of the names and mug shots of Plaintiff and the members of the Class on Defendants' websites is newsworthy or has a current and legitimate public interest; and

        d.      whether Defendants' publication of the names and mug shots of Plaintiff and the members of the Class on Defendants' websites constitutes unfair methods of competition, unconscionable acts or practices, or unfair or deceptive acts or practices.

34.     Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in handling class actions involving, among other things, consumer rights and deceptive, unfair, and unconscionable trade practices. As a result, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

7

35.   Plaintiff brings this class action under Rule 1.220(b)(2) of the Florida Rules of Civil Procedure because Defendants have acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final injunctive relief concerning the Class as a whole appropriate.

36.   Plaintiff brings this class action under Rule 1.220(b)(3) of the Florida Rules of Civil Procedure because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the amounts of the claims of each individual member of the Class are small relative to the cost and scope of this litigation, and due to the financial resources of Defendants, none of the members of the Class could afford to seek legal redress individually for the misconduct alleged in this case.  Absent a class action, that misconduct would go unremedied. Further, individual litigation would significantly increase the delay and cost to all parties and would burden the judicial system.  There will be no manageability problems with prosecuting this case as a class action.

## COUNT I
## VIOLATION OF § 540.08 OF THE FLORIDA STATUTES – INJUNCTIVE RELIEF

37.   Plaintiff realleges Paragraphs 1 through 36, above.

38.   This is a cause of action for violation of § 540.08 of the Florida Statutes by Plaintiff, individually and on behalf of all those similarly situated, against Defendants.

39.   Defendants published and continue to publish Plaintiff's name and likeness on their websites for a commercial or advertising purpose without Plaintiff's consent.

40.   Publishing Plaintiff's name and likeness is not newsworthy and does not involve any current or legitimate public interest.

41.     By publishing Plaintiff's name and likeness, Defendants are directly promoting their products in addition to promoting additional products and services separate and apart from Defendants' websites.

42.     Section 540.08(2) of the Florida Statutes provides that the person whose name or likeness has been misappropriated "may bring an action to enjoin such unauthorized publication . . . and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages."

43.     Plaintiff seeks an injunction to enjoin future misappropriation under § 540.08(2) of the Florida Statutes and damages.

## COUNT II
## VIOLATION OF § 540.08 OF THE FLORIDA STATUTES – DAMAGES

44.     Plaintiff realleges Paragraphs 1 through 36, above.

45.     This is a cause of action for violation of § 540.08 of the Florida Statutes by Plaintiff, individually and on behalf of all those similarly situated, against Defendants.

46.     Defendants published and continue to publish Plaintiff's name and likeness on their websites for a commercial or advertising purpose without Plaintiff's consent.

47.     Publishing Plaintiff's name and likeness is not newsworthy and does not involve any current or legitimate public interest.

48.     By publishing Plaintiff's name and likeness, Defendants are directly promoting their products in addition to promoting additional products and services separate and apart from Defendants' websites.

49.     Section 540.08(2) of the Florida Statutes provides that the person whose name or likeness has been misappropriated "may bring an action to enjoin such unauthorized publication . . .

9

and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages."

50.     As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class have suffered and will continue to suffer damages.

## COUNT III
## COMMON LAW INVASION OF PRIVACY – MISAPPROPRIATION

51.     Plaintiff realleges Paragraphs 1 through 36, above.

52.     This is a cause of action for common law misappropriation by Plaintiff, individually and on behalf of all those similarly situated, against Defendants.

53.     Defendants published and continue to publish Plaintiff's name and likeness for a commercial or advertising purpose without Plaintiff's consent.

54.     Publishing Plaintiff's name and likeness is not newsworthy and does not involve any current or legitimate public interest.

55.     By publishing Plaintiff's name and likeness, Defendants are directly promoting their products in addition to promoting additional products and services separate and apart from Defendants' websites.

56.     As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class have suffered and will continue to suffer damages.

## COUNT IV
## VIOLATION OF § 501.204 OF THE FLORIDA STATUTES – INJUNCTIVE RELIEF

57.     Plaintiff realleges Paragraphs 1 through 36, above.

58.     This is a cause of action by Plaintiff, individually and on behalf of all those similarly situated, for injunctive relief under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 *et seq.*, Florida Statutes ("FDUTPA"), against Defendants.

59.     Under FDUTPA, unconscionable, unfair, and deceptive acts or practices in the conduct of trade or commerce are unlawful. § 501.204(1), Fla. Stat.

60.     Anyone aggrieved by a violation of FDUTPA may bring an action for injunctive relief against the entity that has violated the act. § 501.211(1), Fla. Stat.

61.     By publishing Plaintiff's name and likeness for a commercial or advertising purpose without Plaintiff's consent, Defendants are engaging in business practices that are unconscionable, unfair, and deceptive because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Plaintiff experienced Defendants' unconscionable, unfair, and deceptive business practices, which were committed in the conduct of commerce or trade.

62.     Plaintiff seeks an injunction to enjoin future violations of FDUTPA under § 501.211(1) of the Florida Statutes.

## COUNT V
## VIOLATION OF § 501.204 OF THE FLORIDA STATUTES – DAMAGES

63.     Plaintiff realleges Paragraphs 1 through 36, above.

64.     This is a cause of action by Plaintiff, individually and on behalf of all those similarly situated, for damages under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 *et seq.*, Florida Statutes ("FDUTPA"), against Defendants.

65.     Under FDUTPA, unconscionable, unfair, and deceptive acts or practices in the conduct of trade or commerce are unlawful. § 501.204(1), Fla. Stat.

66.     In any action by a party that has suffered a loss as a result of a violation of FDUTPA, such person may recover actual damages, attorneys' fees, and court costs. § 501.211(2), Fla. Stat.

11

67.     By publishing Plaintiff's name and likeness for a commercial or advertising purpose without Plaintiff's consent, Defendants are engaging in business practices that are unconscionable, unfair, and deceptive because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Plaintiff experienced Defendants' unconscionable, unfair, and deceptive business practices, which were committed in the conduct of commerce or trade.

68.     As a direct and proximate result of the unfair and deceptive representations and business practices employed by Defendants, Plaintiff has suffered actual damages.

## COUNT VI
## UNJUST ENRICHMENT

69.     Plaintiff realleges Paragraphs 1 through 36, above.

70.     This is a cause of action for unjust enrichment by Plaintiffs, individually and on behalf of all those similarly situated, against Defendants.

71.     By publishing Plaintiff's name and likeness without consent with a commercial or advertising purpose, Defendants committed misappropriation.

72.     Defendants have profited from their misappropriation at Plaintiff's expense.

73.     Defendants have knowledge of the benefits that Plaintiff has conferred on them, which they have accepted.

74.     Under these circumstances, *i.e.*, (a) Defendants publishing the name and likeness of Plaintiff, (b) without her consent, (c) for a commercial or advertising purpose, and (d) receiving profits therefrom, it would be inequitable for Defendants to enjoy the benefits of their misappropriation without compensating Plaintiff, whose rights they have violated.

75.     As a direct and proximate result of Defendants' misappropriation, Plaintiff has suffered and will continue to suffer damages.

12

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff and the members of the Class request that the Court award the following relief against Defendants:

(a)    an order certifying that this case is properly maintainable as a class action under Rule 1.220(b)(2) and/or (3) of the Florida Rules of Civil Procedure, appointing Plaintiff and the undersigned attorneys to represent the Class, and requiring reasonable and adequate notice to be given to prospective class members following certification;

(b)    a judgment under Count I against Defendants and in favor of Plaintiff and the Class, for injunctive relief, together with prejudgment interest thereon, and all interest and costs due under Florida law;

(c)    a judgment under Count II against Defendants and in favor of Plaintiff and the Class, for damages, together with prejudgment interest thereon, and all interest and costs due under Florida law;

(d)    a judgment under Count III against Defendants and in favor of Plaintiff and the Class for damages, together with prejudgment interest thereon, and all interest and costs due under Florida law;

(e)    a judgment under Count IV against Defendants and in favor of Plaintiff and the Class for injunctive relief, costs, and attorneys' fees pursuant to § 501.211 of the Florida Statutes;

(f)    a judgment under Count V against Defendants and in favor of Plaintiff and the Class for damages, costs, and attorneys' fees pursuant to § 501.211 of the Florida Statutes;

(g)    a judgment under Count VI against Defendants and in favor of Plaintiff and the Class for damages; and

(h)    such other relief as the Court deems fair and reasonable.

13

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

**[Attorney's signature appears on the following page.]**

August 30, 2013

Respectfully submitted,

J. Daniel Clark, FBN 0106471
Matthew A. Crist, FBN 0035539
**CLARK & MARTINO, P.A.**
3407 West Kennedy Blvd.
Tampa, FL  33609
Telephone: (813) 879-0700
Facsimile: (813) 879-5498

and

Kenneth G. Turkel, FBN 0867233
Brad F. Barrios, FBN 0035293
**BAJO CUVA COHEN & TURKEL, P.A.**
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Telephone: (813) 443-2199
Facsimile: (813) 443-2193

and

Majid Vasigh, FBN 0042759
**MILLER VASI, P.A.**
1228 E. 7th Ave.
Tampa, Florida 33605
Telephone: (813) 983-7852
Facsimile (813) 864-7092

**Attorneys for Plaintiff**