UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON L. BILOTTA,

    Plaintiff,

v.                                    Case No: 8:13-cv-2811-T-30TGW

CITIZENS INFORMATION
ASSOCIATES, LLC, *et. al*..,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant Arthur D'Antonio's Motion to Dismiss for Failure to State a Claim (Dkt. #25) and Plaintiff's Response in Opposition to the Motion (Dkt. #36). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

*Background*

Plaintiff, Shannon L. Bilotta ("Bilotta") is suing Arthur D'Antonio for injunctive relief and damages for violation of Florida's right of publicity statute, Fla. Stat. §540.08, common law invasion of privacy, injunctive relief and damages for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et. seq*., and unjust enrichment. Arthur D'Antonio operates the websites justmugshots.com and mugshots.mobi. These websites publish the booking photos or "mug shots" of individuals

who have been arrested. The websites also contain a link for "unpublishing services" to have the mug shot removed for a fee, and advertisements for other products and services.

*Discussion*

### I. Motion to Dismiss Standard

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### II. D'Antonio's Motion to Dismiss

D'Antonio argues that Bilotta fails to state a cause of action because the First Amendment protects commercial speech, his publications are protected by the Communications Decency Act, ("CDA") 47 U.S.C. § 230 (c)(1), and the claim under Fla.

2

Stat. § 540.08 fails because Bilotta does not allege that justmugshots.com used her image separately from its service.

Bilotta alleges that D'Antonio published Bilotta's name and image for a commercial purpose without her consent to advertise and promote "unpublishing services" that would remove an individual's mug shot from a particular site in exchange for payment. Further it alleges that D'Antonio advertises and promotes distinct goods and services on its websites. Taken as true, these allegations are sufficient to state a cause of action for violation of Fla. Stat. § 540.08.

Section 540.08 reads in pertinent part:

> No person shall publish, print, display, or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use....

Fla. Stat. § 540.08(1).

D'Antonio's other bases for dismissal are based on fact issues which are inappropriate for consideration at the motion to dismiss stage. The Court is bound by the four corners of the complaint in its review of a motion to dismiss. *Wilcombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). A court may only consider the complaint and any documents referred to in the complaint which are central to the claims. *Id*.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Arthur D'Antonio's Motion to Dismiss for Failure to State a Claim (Dkt. #25) is DENIED.

2. Arthur D'Antonio shall file an answer to the First Amended Complaint within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of January, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2811 mtd 25.docx