UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

8:13-cv-02811-T-30TGW

SHANNON L. BILOTTA,

    Plaintiff,

vs.

CITIZENS INFORMATION ASSOCIATES, LLC;
ARTHUR D'ANTONIO III; MUGLY MEDIA, INC.;
KYLE PRALL; RYAN RUSSELL; STAR NINE
VENTURES, INC.; MAURICIO VILLASUSO;
VIRTUAL POST SOLUTIONS, INC.; WHOS
ARRESTED LLC; CRAIG WIGGEN,

    Defendants.
_____/

## DEFENDANT KYLE PRALL'S
## ANSWER AND AFFIRMATIVE AND GENERAL DEFENSES TO PLAINTIFF FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Kyle Prall ("Prall"), by and through their undersigned counsel, hereby responds as follows to each numbered paragraph of Plaintiff's First Amended Class Action Complaint ("Amended Complaint") filed in the above-captioned case.

### PARTIES, JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Prall admits that Citizens Information Associates, LLC ("CIA") is a Texas limited liability company organized and existing under the laws of Texas. Further, Prall admits that CIA operates bustedmugshots.com and mugshotsonline.com. The remaining averments contained in this paragraph are denied.

4. Prall is without sufficient information to admit or deny the allegations in this paragraph and therefore, denies the same.

1

5. Denied.

6. Denied

7. Denied.

8. Star Nine Ventures, Inc. is a Texas corporation with its principal place of business in Austin, Texas. The remainder of the allegation is denied.

9. Prall is without sufficient information to admit or deny the allegations in this paragraph and therefore, denies the same.

10. Prall is without sufficient information to admit or deny the allegations in this paragraph and therefore, denies the same.

11. Prall is without sufficient information to admit or deny the allegations in this paragraph and therefore, denies the same.

12. Prall is without sufficient information to admit or deny the allegations in this paragraph and therefore, denies the same.

13. The allegations contained in this paragraph relate to venue and, thus, are legal in nature and require no response.

## GENERAL ALLEGATIONS

14. Prall admits that CIA operates bustedmugshots.com and mugshotsonline.com. Prall further admits that those websites publish photographs taken by law enforcement agencies and other identifying information, and that those photographs are commonly referred to as mugshots.

15. Prall admits that some of CIA's source data is obtained through automated software programs which obtain data from publicly available sources. The remainder of the allegation is denied.

16. Prall admits that CIA publishes separate and individual webpages that list identifying information, including individual's mugshots. Prall denies that this is a wholly automated process.

17. Denied.

18. Denied.

19. Prall admits that CIA published Plaintiff's arrest record; however Prall believes that the publication speaks for itself and any averments inconsistent therewith are denied.

20. Denied.

21. Prall admits that CIA's websites have banner advertising with third party vendors. Prall also admits that CIA provides membership services for a monthly fee. Further, CIA provides a document retrieval service which allows customers to obtain more information on a particular arrest for a fee. All other allegations in this paragraph are denied.

22. Admitted.

23. Prall admits that at some point after Plaintiff was arrested, such arrest was published. Prall believes that the publication speaks for itself and any averments inconsistent therewith are denied.

24. Prall admits that CIA did not seek Plaintiff's consent prior to publishing her record. Prall denies CIA used her name, personal information and mugshot "for a commercial or advertising purpose" as that phrase is used in Fla. St. §540.08.

25. Denied.

26. Prall admits that Plaintiff's arrest is still published on the websites operated by CIA. Prall believes that the publication speaks for itself and any averments inconsistent therewith are denied.

27. Prall is without knowledge of the averments in paragraph 27, and therefore the averments are denied at this time.

## CLASS REPRESENTATION ALLEGATIONS

28. This paragraph makes no allegations and thus requires no response.

29. Without knowledge and therefore denied.

30. Prall admits that there are a large number of individuals published on CIA's websites. However, Prall is without information to determine the citizenship of the arrestees, and denies the remainder of the allegation.

31. Admit.

32. Denied.

33. The Class Action Fairness Act ("CAFA") speaks for itself and any averments inconsistent therewith are denied.

    a. Prall denies using Plaintiff's name, personal information and mugshot "for a commercial or advertising purpose" as that phrase is used in Fla. St. §540.08. Further, Prall denies that Plaintiff's commercial value in her own arrest record and mugshot, if any, is common or similar in any way to that of any other putative class member.

    b. Admitted that consent to publication is a fact disputed by Plaintiff, but denied that this dispute predominates over any questions affecting only individual members of the Class.

    c. Admitted that the newsworthy nature of mugshots and related information is a fact disputed by Plaintiff, but denied that this dispute predominates over any questions affecting only individual members of the Class.

    d. Denied.

34. Without knowledge as to counsel's capabilities. Denied that Plaintiff is an adequate representative of the Class and will fairly an adequately protect the interests of the Class.

35. Denied.

36. Denied.

## COUNT I

## VIOLATION OF § 540.08 OF THE FLORIDA STATUTES-

## INJUNCTIVE RELIEF

37. This paragraph makes no allegations and requires no response.

38. Section 540.08 of the Florida Statutes speaks for itself and any averments inconsistent therewith are denied.

39. Prall admits that Plaintiff's arrest is still published on the websites operated by CIA. Prall believes that the publication speaks for itself and any averments inconsistent therewith are denied. Prall denies using Plaintiff's name, personal information and mugshot "for a commercial or advertising purpose" as that phrase is used in Fla. St. §540.08.

40. Denied.

41. Denied.

42. Section 540.08 of the Florida Statutes speaks for itself and any averments inconsistent therewith are denied.

43. Prall denies that Plaintiff is entitled to the relief sought in this paragraph.

## COUNT II

## VIOLATION OF § 540.08 OF THE FLORIDA STATUTES- DAMAGES

44. This paragraph makes no allegations and requires no response.

45. Section 540.08 of the Florida Statutes speaks for itself and any averments inconsistent therewith are denied.

46. Prall admits that Plaintiff's arrest is still published on the websites operated by CIA. Prall believes that the publication speaks for itself and any averments inconsistent therewith are denied. Prall denies that such publication is "for a commercial or advertising purpose" as that phrase is used in Fla. St. §540.08.

47. Denied.

48. Denied.

49. Section 540.08 of the Florida Statutes speaks for itself and any averments inconsistent therewith are denied.

50. Prall denies that Plaintiff has suffered or will suffer any damages.

## COUNT III

## COMMON LAW INVASION OF PRIVACY- MISAPPROPRIATION

51. This paragraph makes no allegations and requires no response.

52. This allegation is legal in nature and thus requires no response.

53. Prall admits that Plaintiff's arrest is still published on the websites operated by CIA. Prall believes that the publication speaks for itself and any averments inconsistent therewith are denied. Prall denies that such publication is "for a commercial or advertising purpose" as that phrase is used in Fla. St. §540.08.

54. Denied.

55. Denied.

56. Prall denies that Plaintiff has suffered or will suffer any damages.

## COUNT IV

## VIOLATION OF § 501.204 OF THE FLORIDA STATUTES-

## INJUNCTIVE RELIEF

57. This paragraph makes no allegations and requires no response.

58. Section 501.201 *et seq.* of the Florida Statutes speaks for itself and any averments inconsistent therewith are denied.

59. Section 501.204(1) of the Florida Statutes speaks for itself and any averments inconsistent therewith are denied.

60. Section 501.211(1) of the Florida Statutes speaks for itself and any averments inconsistent therewith are denied.

61. Denied.

62. Prall denies that Plaintiff is entitled to the remedy sought in this paragraph.

Prall denies each and every allegation in the Amended Complaint that has not been specifically admitted or denied herein. Prall further denies that Plaintiff is entitled to the relief sought in the *ad damnum* clause of the Amended Complaint.

## AFFIRMATIVE AND GENERAL DEFENSES

Defendant will rely on all defenses available at the time of trial. For its affirmative defenses, Defendant asserts the following without assuming the burden of proof where such burden is otherwise on Plaintiff.

1. **First Amendment**. The posting of arrest record information, including mugshots, is protected by the First Amendment of the United States Constitution. Plaintiff's interpretation of its claims would violate Defendant's First Amendment rights.

2. **Failure to Mitigate Damages.** Plaintiff failed to have her charges expunged, dismissed or otherwise discharged. Had Plaintiff taken such action and upon contacting Defendant, her mugshot would have been removed.

3. **Comparative Fault.** Plaintiff allegedly broke the law, which necessitated the taking and recordation of her mugshot by those authorized to do so. If Plaintiff has suffered any damages as a result of that arrest, the fault lies with her.

4. **Good Faith pursuant to Chapter 119.** Defendants published Plaintiff's information in good faith and in reliance that Chapter 119 of the Florida Statutes permitted these public records to be published.

5. **Exempt from Chapter 540 of the Florida Statutes.** The publication of mugshots, including Plaintiff's, by Defendant constitute a legitimate public interest and are therefore not actionable under Florida's publicity laws.

6. **Absence of Commercial Appropriation.** Defendant's use of the mugshot did not appropriate Plaintiff's reputation or prestige and therefore Defendant is without tort liability for the publication.

7. **License.** Defendant was licensed to publish the mugshots by legal authority, the mugshots are public records, and the acts complained of in the First Amended Complaint were done by and in pursuance of that license.

8. **Illegality.** The Plaintiff is seeking to create an exemption to Florida's Sunshine Law, Florida Statutes Chapter 119, where none currently exists.

9. **Implied Consent.** Plaintiff gave implied consent to Defendant's actions in mining and then re-publishing her arrest information by virtue of being arrested in the State of

Florida and not seeking to have that information removed, expunged or otherwise dismissed.

10. **Estoppel.** Defendant relied upon the availability of the data via public records, and changed its position in reliance on those records by mining and re-publishing that data.

11. **Failure to Join Indispensible Parties**. Plaintiff failed to join the state agencies that originally published her arrest information, and those parties are indispensable to the question of whether the information is newsworthy, one of the issues that Plaintiff believes predominates over any individual issues according to paragraph 33(b) of the Amended Complaint.

                                                    CLAUSEN & CENTRICH, PLLC

DATED: February 18, 2014    By:    */s/ Joseph F. Centrich*
                                                  Joseph F. Centrich (*pro hac vice*)
                                                  Bar No. 24055283 (TX)
                                                  Lance C. Winchester (*pro hac vice*)
                                                  Bar. No. 21754300 (TX)
                                                  Clausen & Centrich, PLLC
                                                  2002 Timberloch Place, Suite 200
                                                  The Woodlands, Texas 77380
                                                  Tel: (281) 210-0140
                                                  Fax: (866) 901-7829
                                                  Email: jcentrich@cpctexaslaw.com
                                                           lance@lancewlaw.com

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ Pro 5(a), the undersigned certifies that a copy of the foregoing *Defendant Kyle Prall's Answer and Affirmative and General Defenses* has been filed electronically and are available for viewing and downloading from the ECF system. I further certify that I caused a true and correct copy of same to be served upon the following counsel via electronic filing:

/s/ Joseph F. Centrich
Joseph F. Centrich

*Attorneys for Defendant*
*Citizens Information Associates, LLC*

# SERVICE LIST

## SHANNON R. BILOTTA
### vs.
## CITIZENS INFORMATION ASSOCIATES, LLC, ET AL.

CASE NO: 8:13-cv-2811-T-30TGW/Judge James S. Moody, Jr.
United States District Court, Middle District of Florida

| | |
|---|---|
| **J. Daniel Clark, Esq.** <br> Email: dclark@clarkmartino.com <br> **Matthew A. Crist, Esq,** <br> Email: mcrist@clarkmartino.com <br> Clark & Martino, P.A. <br> 3407 West Kennedy Blvd. <br> Tampa, FL 33609 <br> Tel. (813) 879-0700/Fax (813) 879-5498 <br> *Attorneys for Plaintiff* | **Kenneth G. Turkel, Esq.** <br> Email: kturkel@bajocuva.com <br> **Brad F. Barrios, Esq.** <br> Email: brad.barrios@bajocuva.com <br> Bajo Cuva Cohen & Turkel, P.A. <br> 100 N. Tampa Street, Suite 1900 <br> Tampa, FL 33602 <br> Tel. (813) 443-2199/Fax (813) 443-2193 <br> *Attorneys for Plaintiff* |
| **Majid Vasigh, Esq.** <br> Email: mvasigh@gmail.com <br> Miller Vasi, P.A. <br> 1228 E. 7th Avenue <br> Tampa, FL 33605 <br> Tel. (813) 983-7852/Fax (813) 864-7092 <br> *Attorneys for Plaintiff* | **Scott Konopka, Esq.** <br> Email: skonopka@mrachek-law.com <br> Mrachek, Fitzgerald, Rose, Konopka & Dow, P.A. <br> 1000 Monterey Commons Blvd., Suite 306 <br> Stuart, FL 34996 <br> Tel. (772) 221-7757/Fax (772) 781-6886 <br> *Attorneys for Defendant* |
| **Joseph F. Centrich, Esq.** (pro hac vice) <br> jcentrich@cpctexaslaw.com <br> Bar No. 24055283 (TX) <br> **Lance C. Winchester, Esq.** (pro hac vice) <br> lance@lancewlaw.com <br> Bar. No. 21754300 (TX) <br> Clausen & Centrich, PLLC <br> 2002 Timberloch Place, Suite 200 <br> The Woodlands, Texas 77380 <br> Tel: (281) 210-0140/ Fax: (866) 901-7829 <br> *Attorneys for Defendant* | **Joshua G. Jones, Esquire** *(pro hac vice)* <br> Email: jjones@reedscardino.com <br> Reed & Scardino LLP <br> 301 Congress Ave., Suite 1250 <br> Austin, TX 78701 <br> Tel. (512) 615-5747 <br> *Attorney for Defendant, Arthur D'Antonio, III* |