UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON L. BILOTTA,

    Plaintiff,

v.                                                         Case No: 8:13-cv-2811-T-30TGW

CITIZENS INFORMATION
ASSOCIATES, LLC, *et al.,*

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant Star Nine Ventures, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) (Dkt. #15), Plaintiff's Response in Opposition to the Motion (Dkt. #45), Defendant Ryan Russell's Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) (Dkt. #50) and Plaintiff's Response in Opposition (Dkt. #52). Upon review and consideration, it is the Court's conclusion that the Motions should be granted.

### *Background*

Plaintiff Shannon Bilotta sues Star Nine Ventures, Inc. ("Star Nine"), Citizen Information Associates, LLC ("CIA"), and Ryan Russell among others for damages and declaratory and injunctive relief based on the Defendants' violation of her right of publicity and misappropriation by publishing her mug shot and other arrest information on the

websites bustedmugshots.com and mugshotsonline.com without her consent. Ryan Russell is the president and sole shareholder of Star Nine. Star Nine owns an equity interest in CIA and conducted some programming work for CIA on the abovementioned websites.

## I. Standard of Review

A federal court sitting in diversity may properly exercise personal jurisdiction over a defendant only if such exercise: (1) is permissible under the state long-arm statute; and (2) the district court's exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *see also PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010).

The plaintiff bears the burden of establishing a prima facie case of jurisdiction over the non-resident defendant. *PVC Windoors, Inc.*, 598 F.3d at 810. A plaintiff establishes a prima facie case where it "presents affidavits or deposition testimony sufficient to defeat a motion for judgment as a matter of law." *Id*. (citation omitted). "Where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Id*. (citation and quotations omitted). If those inferences suffice to defeat a motion for judgment as a matter of law, the court will find jurisdiction exists. *Id*.

## II. Florida's Long-Arm Statute

This Court is required to construe the Florida long-arm statute as would the Florida Supreme Court. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 856 (11th Cir. 1990). Florida's long-arm statute is strictly construed. *Sculptchair, Inc. v.*

*Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).

Florida's long-arm statute allows Florida courts to assert specific personal jurisdiction over a nonresident defendant that commits a tortious act within Florida. Fla. Stat. § 48.193(1)(a)(2); *Licciardello v. Lovelady*, 544 F. 3d 1280 (11th Cir. 2008). The Florida Supreme Court in construing this subsection of the long-arm statute notes that the alleged tortfeasor's physical presence in Florida is not required. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). Rather, jurisdiction may be found in certain instances where an out of state defendant commits a tort that produces an injury in Florida. *Id*. Further, the Eleventh Circuit has held that "[i]n our technologically sophisticated world permitting interstate business transactions by mail, wire and satellite signals, physical presence by the nonresident defendant is not necessary for personal jurisdiction in the forum state." *Cable/Home Commc'ns Corp.*, 902 F.2d at 857 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Bilotta has not met her burden to establish a prima facie case of jurisdiction over Star Nine or Russell. The complaint alleges that Star Nine and Russell misappropriated her image and violated her right of publicity on its websites, which she alleges Star Nine and Russell own and operate. Star Nine and Russell refute these claims through Russell's declarations, one filed as an individual and the other as the corporate officer of Star Nine. Russell further stated in his deposition testimony that Star Nine is not the owner or operator of the website, nor has it published any of Bilotta's images or records. It simply created the program that allowed CIA to take those actions. Since the facts stated in the deposition and declarations refute the allegations in the complaint, the Court cannot treat the

*Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).

Florida's long-arm statute allows Florida courts to assert specific personal jurisdiction over a nonresident defendant that commits a tortious act within Florida. Fla. Stat. § 48.193(1)(a)(2); *Licciardello v. Lovelady*, 544 F. 3d 1280 (11th Cir. 2008). The Florida Supreme Court in construing this subsection of the long-arm statute notes that the alleged tortfeasor's physical presence in Florida is not required. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). Rather, jurisdiction may be found in certain instances where an out of state defendant commits a tort that produces an injury in Florida. *Id*. Further, the Eleventh Circuit has held that "[i]n our technologically sophisticated world permitting interstate business transactions by mail, wire and satellite signals, physical presence by the nonresident defendant is not necessary for personal jurisdiction in the forum state." *Cable/Home Commc'ns Corp.*, 902 F.2d at 857 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Bilotta has not met her burden to establish a prima facie case of jurisdiction over Star Nine or Russell. The complaint alleges that Star Nine and Russell misappropriated her image and violated her right of publicity on its websites, which she alleges Star Nine and Russell own and operate. Star Nine and Russell refute these claims through Russell's declarations, one filed as an individual and the other as the corporate officer of Star Nine. Russell further stated in his deposition testimony that Star Nine is not the owner or operator of the website, nor has it published any of Bilotta's images or records. It simply created the program that allowed CIA to take those actions. Since the facts stated in the deposition and declarations refute the allegations in the complaint, the Court cannot treat the

allegations as true. *Posner*, 178 F.3d at 1215 (Allegations of complaint were to be treated as true for purposes of resolving jurisdictional issue to the extent that statements were not contradicted by specific factual declarations in affidavit supporting defendant's motion to dismiss.)

In this case, Star Nine created the website pursuant to an oral contract which included programming that permitted users to search for specific mug shots by geographic location, including Florida. The programming also allowed CIA to download mug shots from publicly available websites and publish them on its website, operate a membership service, publish additional content for paid users including those within Florida, remove mug shots, and receive advertising revenue. Essentially Star Nine created the crucial aspects of the programming that permits CIA to use the website to commit the torts as alleged in the complaint. Russell's alleged liability stems from the fact that he is the president and one of two employees of Star Nine who entered into the contract and possibly created all or some of the programming.

These facts are insufficient to allege that Star Nine or Russell committed a tort in Florida. To state a claim against Star Nine and Russell for misappropriation and violation of her right of publicity, Bilotta would have to show that Star Nine and Russell did more than just create the programming for the website. The cases allowing jurisdiction based on torts committed over the internet involve the owner and operator of the website engaging in the actual infringement, not the web designer or other party contracted to create the website. *See Licciardello,* 544 F.3d 1280 (Allegations that non-resident defendant's website in Tennessee contained allegedly infringing and deceptive use of entertainer's

trademark and that the website was accessible in Florida, were sufficient to authorize jurisdiction under the Florida long-arm statute); *VAS Aero Servs., LLC v. Arroyo*, 868 F.Supp. 2d 1374, 1380 (M.D. Fla. 2012) (allegations that non-resident defendant misappropriated Florida company's information over the internet on its website is sufficient to confer jurisdiction); *KVAR Energy Savings, Inc. v. Tri–State Energy Solutions, LLP,* No. 6:08–cv–85–Orl–19KRS, 2009 WL 103645, at *11 (M.D. Fla. Jan.15, 2009) (allegations that content infringing trademarks of Florida company was displayed on website owned and operated by defendant is sufficient).

Bilotta relies on *Cable/Home Commc'n Corp.* which stands for the proposition that personal jurisdiction can attach to a non-resident defendant if he commits a "substantial aspect" of an alleged tort in Florida by engaging in activities in Florida that were essential to the success of the tort. *Cable/Home Commc'n Corp.*, 902 F.2d at 857 (holding that non-resident defendant's broadcasts stimulated Florida purchases in violation of the copyright and communications laws.) This case is distinguishable because Star Nine and Russell's activities are not alleged as independently tortious, only as contributing to CIA's ability to commit torts in Florida.

Bilotta also relies on *PFM Air, Inc. v. Dr. Ing. hc. F. Porsche A.G.*, 751 F. Supp. 2d 1264, 1275 (M.D. Fla. 2010) where the court held that the non-resident company was subject to Florida jurisdiction due to its involvement with the Florida entity that engaged in the alleged tortious activity. In that case the plaintiff sued a German based company and its Florida subsidiary for fraud, negligence and breach of warranty based on failure to provide engine parts.  The case is distinguishable since the nonresident defendant was the

parent company of the Florida based entity, and it engaged in activities directly tied to the alleged torts and exercised control over the subsidiary and its actions which formed the basis for the alleged torts.

The Court concludes that Star Nine and Russell's alleged actions are insufficient to satisfy personal jurisdiction over them pursuant to subsection 1(a)(2) of Florida's long-arm statute. Having determined that the Florida long-arm statute does not authorize jurisdiction over Star Nine or Russell, the Court need not address whether the due process clause of the United States Constitution permits the statute to be employed in this case.

The Court will permit Bilotta an opportunity to amend the complaint to allege sufficient factual grounds, if any, to confer this Court's jurisdiction over Star Nine and Russell. Given the procedural posture of this case, the declarations filed, and the depositions taken, Bilotta must draft the new allegations with caution as to avoid being subject to possible sanctions.

It is therefore ORDERED AND ADJUDGED that:

1. Star Nine Ventures, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) (Dkt. #15) is GRANTED.

2. Defendant Ryan Russell's Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) (Dkt. #50) is GRANTED.

3. Star Nine Ventures, Inc. and Ryan Russell are dismissed from this case without prejudice.

4. Shannon L. Bilotta may file an amended complaint within fourteen (14) days from the date of this order to more properly allege a cause of action against Star Nine Ventures, Inc. and Ryan Russell.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of March, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2811 mtd personal juris- grant.docx

7