**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SHANNON L. BILOTTA,

    Plaintiff,

v.                                                                                             Case No: 8:13-cv-2811-T-30TGW

CITIZENS INFORMATION
ASSOCIATES, LLC, *et. al.*,

    Defendants.

## **ORDER**

THIS CAUSE comes before the Court upon the Plaintiff's Motion to Certify Class (Dkt. #57) and Defendants Justmugshots.com Corp. and Arthur D'Antonio III's Response in Opposition to the Motion to Certify Class (Dkt. #61), Defendants Citizens Information Associates, LLC and Kyle Prall's Response in Opposition to the Motion to Certify Class (Dkt. #62), the Parties' Stipulation Regarding Motion for Class Certification (Dkt. #56), Plaintiff's Motion for Leave to File Reply Brief in Support of Motion for Class Certification (Dkt. #65), Defendants Justmugshots.com Corp. and Arthur D'Antonio III's Response in Opposition to Motion for Leave to File Reply Brief (Dkt. # 66) and Defendants Citizens Information Associates, LLC and Kyle Prall's Response in Opposition to Motion for Leave to File Reply Brief (Dkt. #67). It is the Court's conclusion that the Motions should be denied.

*Background*

Plaintiff, Shannon L. Bilotta was arrested on June 3, 2013, by the Pinellas County Sheriff's Office. As part of her arrest, the Sheriff's Office took Plaintiff's arrest photograph (also known as a "mug shot") and published it on the Sheriff's Office website. Plaintiff is suing the Defendants Citizens Information Associates, LLC ("CIA"), Justmugshots.com Corp., Arthur D'Antonio III, and Kyle Prall (collectively the "Defendants") for injunctive relief and damages for violation of Florida's right of publicity statute, Fla. Stat. § 540.08, common law invasion of privacy, injunctive relief and damages for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et. seq.*, and unjust enrichment.

The Defendants retrieve mug shots from various law enforcement officials' websites and publish them on the following websites: bustedmugshots.com, mugshotsonline.com, justmugshots.com, mugshots.mobi, and whosarrested.com (collectively "the Websites"). The Websites contain a link for "unpublishing services" to have the mug shot removed for a fee. For those individuals who submit documented evidence of exoneration from the arrest as defined by Defendants, the Websites would remove the mug shot without a fee. The Websites also have advertisements for other products and services.

Plaintiff requests certification of a class regarding the injunctive relief claims only under Count I for violation of Fla. Stat. § 540.08, and Count IV for violation of Fla. Stat. § 501.204 (FDUTPA). Plaintiff does not request certification as to any damages claims. Plaintiff requests that the Court certify the following class:

2

> All persons who were arrested in Florida and whose names and photographs have been published on the Websites since August 30, 2009.

*Discussion*

## I. Legal Standard

### a. Prerequisites to Class Certification

A district court is vested with broad discretion in determining whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). "For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). The party seeking to maintain the class action must affirmatively demonstrate his compliance with Rule 23. *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551-2552 (2011). The party must be prepared to prove that there are "*in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation as required by Rule 23(a)." *Comcast Corporation v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (emphasis supplied).

The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b). *Id*. Therefore, courts may have to "probe behind the pleadings before coming to rest on the certification question." *Id.* Only after a "rigorous analysis" may the court determine that the movant has satisfied Rule 23's perquisites and properly certify the class. *Id*. Accordingly, the court's analysis will frequently "overlap with the merits of the

3

plaintiff's underlying claim [because] class determination generally involves considerations that are enmeshed in the factual and the legal issues comprising the plaintiff's cause of action." *Id.*

### b. Ascertainability of the Proposed Class

"Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is adequately defined and clearly ascertainable." *Little v. T–Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012); *Walewski v. Zenimax Media, Inc.*, 502 Fed. App'x 857, 861 (11th Cir. 2012). Courts review the merits of individual claims at the class certification stage only to the extent necessary to determine whether the requirements of Rule 23 are satisfied. *See Valley Drug*, 350 F.3d at 1188 n. 15. Therefore, a class should not be certified if the court must engage in individualized determinations of disputed fact in order to ascertain a person's membership in the class. A class is ascertainable if the Court can determine whether a given person is a class member through administratively feasible methods. *See in Re Checking Account Overdraft Litigation*, 286 F.R.D. 645, 650-651 & n.7 (S.D.Fla. 2012).

Defendant argues that Plaintiff has no way to identify citizenship of the proposed class members and therefore the class is not ascertainable. However, Defendant relies upon Plaintiff's initial proposed class in the Amended Complaint which included "all Florida citizens." The new proposed class in the Motion includes all persons arrested in Florida thereby resolving that issue.  The Court concludes that the proposed class as stated in the Motion is adequately defined and sufficiently ascertainable for purposes of class certification.

### c. Standing Requirements under Rule 23(a)

Rule 23(a) sets forth certain prerequisites that a plaintiff must satisfy before a court may consider certifying a class: (1) the class must be "so numerous that joinder of all members is impracticable" ("numerosity"); (2) there must be "questions of fact or law common to the class" ("commonality"); (3) "the claims or defenses of the representative parties must be typical of the claims or defenses of the class" ("typicality"); and (4) the named representative must "fairly and adequately protect the interests of the class" ("adequacy of representation"). *See* Fed.R.Civ.P. 23(a).

### i. Numerosity

The plaintiff "bears the burden of making some showing, affording the court the means to make a supported factual finding that the class actually certified meets the numerosity requirement." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009). Courts in the Eleventh Circuit have noted as a general rule, that "less than twenty-one is inadequate [for a finding of numerosity], more than forty is adequate, and numbers falling in between are open to judgment based on other factors." *Id*. at 1267 (*citing Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)); *see also Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 878 (11th Cir. 1986) (affirming certification of a class of "at least thirty-one individual class members").

Plaintiff and Defendants have stipulated that "there are more than 40 people who were arrested in Florida at any time whose names, mug shots, alleged violations, arrest location, and arrest date were published on the Websites between August 30, 2009 and August 30, 2013." They also stipulate that the names can be ascertained by searching the

content that appears on the Websites and have been or will be produced in this case. Further, CIA admits to having published 3.8 million mug shots of Florida residents. Therefore, the Court concludes that Plaintiff has met the numerosity requirement.

### ii.  Commonality

Rule 23(a)'s commonality threshold is "not high," and requires only one issue common to all class members. *Cheney v. Cyberguard Corp.,* 213 F.R.D. 484, 490 (S.D. Fla. 2003) (*citing Forbush v. J.C. Penney Co., Inc*., 994 F.2d 1101, 1106 (5th Cir. 1993)). This part of the rule "does not require that all the questions of law and fact raised by the dispute be common," or that the common questions of law or fact "predominate" over individual issues.  *Vega*, 564 F.3d at 1268. Commonality "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.' " *Dukes,* 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157, (1982)). The claims of the class members must "depend upon a common contention," which "must be of such a nature that it is capable of classwide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. Commonality may be demonstrated by proof that the defendant operated under a general policy that manifested itself in the alleged illegal practices affecting the class members in the same general fashion. *See id*. at 2553 (citing *Falcon*, 457 U.S. at 159).

Plaintiff asserts that there are several common issues of law and fact common to all class members. These issues include whether the Defendants' publications have a commercial or advertising purpose, are newsworthy, constitute unfair methods of competition, constitute unconscionable acts or practices or unfair or deceptive acts or

6

practices, are protected by the First Amendment, are done on a good faith reliance on Florida's public record laws, constitute a legitimate public interest, or appropriate the reputation or prestige of the class members.

Relying on *Dukes,* the Defendants contend that Plaintiff has not satisfied the commonality requirement. In *Dukes*, the plaintiff did not provide evidence of a common company practice or policy. The Court stated that generalized questions are not enough to establish commonality; noting that "any competently crafted class complaint literally raises common questions." *Id*. at 2551. Further it determined that "proof of commonality necessarily overlaps with respondents' merits contention … [since] the crux of the inquiry is the reason for a particular employment decision." 131 S. Ct. at 2552 (internal quotations omitted).

Upon review of the record, the Court finds that the common questions established by Plaintiff are sufficient to satisfy the commonality requirement. She has also demonstrated a common injury in the alleged unauthorized use of the putative class members' images on the Websites for the purpose of advertising unpublishing services. Plaintiff need only show one issue common to the class that is central to the case. *See Stalley v. ADS Alliance Data Sys., Inc*., 296 F.R.D. 670, 682 (M.D. Fla. 2013). Therefore, Plaintiffs have satisfied the commonality requirement under Rule 23(a)(2). *See In re Checking Account Overdraft Litig*., 286 F.R.D. at 652 ("[o]f course, when a group of plaintiffs suffer under a uniform policy, the commonality test is often satisfied, even after *Dukes*") (*citing Oakley v. Verizon Communications, Inc*., 2012 WL 335657, *14 (S.D.N.Y. Feb. 1, 2012)).

### iii. Typicality

Typicality requires that the class representative has the same injury as other class members. *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1322 (11th Cir. 2008). "[T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Id.*, s*ee also Vega,* 564 F.3d at 1275.

Similar to commonality, the test for typicality is not demanding. *See In re Disposable Contact Lens Antitrust Litig.,* 170 F.R.D. 524, 532 (M.D. Fla. 1996). Both may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the other class members. *See Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 n. 14 (11th Cir. 2000). Although typicality and commonality may be related, the Eleventh Circuit has distinguished the two by noting that, "commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001). When the class representative's injury is different from that of the rest of the class, his claim is not typical and he cannot serve as the class representative. *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). Moreover, when proof of the class representative's claim would not necessarily prove the claims of the proposed class members, the class representative does not satisfy the typicality requirement. *Stalley*, 296 F.R.D. at 682.

Defendants argue that Plaintiff's claims are not typical because she has failed to identify a common injury as to all putative class members and has only alleged conclusory allegations that all class members have suffered and will continue to suffer damages.

8

Nonetheless, similarly to the commonality requirement, the Plaintiff needs only to demonstrate a sufficient nexus between her claims and those of the putative class members, some differences are allowed between those claims. The common injury demonstrated by Plaintiff is the unauthorized use of their images on the Websites for the purpose of advertising unpublishing services. *See id.* (holding that class representative's injury that Defendant recorded his phone calls without consent and in violation of the Florida Security of Communications Act and that each potential class member suffered the same injury in the same way was sufficient to demonstrate typicality although some class members may have given consent to the recordings).

### iv. Adequacy

"Adequacy is for the plaintiffs to demonstrate; [the plaintiffs are not entitled to any] presumption of adequacy." *London v. Wal–Mart Stores. Inc*., 340 F.3d 1246, 1253 (11th Cir. 2004).  The requirement "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Busby,* 513 F.3d at 1323; *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

Plaintiff attests that she is willing to take on the responsibility associated with being the class representative. Her attorneys have provided affidavits attesting to their extensive experience in dealing with class actions and litigation generally. Defendants, Justmugshots.com Corp. and D'Antonio contend Plaintiff has a substantial conflict with other putative class members because she has shown she has no interest in pursuing the

9

potential monetary claims on a class basis in this action since Plaintiff cannot demonstrate commercial value in her own image.

The economic interests and objectives of the class representative and putative class members must differ significantly before the Court can preclude certification on this basis. *See Valley Drug Co. v. Geneva Pharm, Inc.*, 350 F.3d 1181, 1190 (11th Cir. 2003). In this case, Plaintiff's claims differ significantly from those of the class members who paid for the unpublishing services and those individuals whose images have substantial commercial value. Plaintiff has not demonstrated any commercial value in her image or likeness and has made it clear that she will not pursue monetary damages as a class, thereby depriving class members of the opportunity to litigate all of their claims in one action and determine whether there is more value in the monetary relief as opposed to the injunctive relief. *See Cooper v. S. Co.,* 390 F.3d 695, 721 (11th Cir. 2004) *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457–58, 126 S.Ct. 1195, 1197–98, 163 L.Ed.2d 1053 (2006); ("… to the extent the named plaintiffs were willing to forego class certification on damages in order to pursue injunctive relief that consisted of an admonition to follow general principles of settled law… it is far from clear that the named plaintiffs would adequately represent the interests of the other putative class members. Indeed, to many of the class members …the monetary damages requested might be of far greater significance than injunctive relief").

### d. Standing requirements under Rule 23(b)

In addition to satisfying the four requirements under Rule 23(a), a class must also satisfy the requirements of one of the subdivisions of Rule 23(b). Plaintiffs assert that

certification in this case is appropriate under Rule 23(b)(2). Rule 23(b)(2) allows for certification when the defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2).

In *Dukes,* the Supreme Court held that "claims for monetary relief may [not] be certified under" Rule 23(b)(2), "at least where … the monetary relief is not incidental to the injunctive or declaratory relief." 131 S.Ct. at 2557. Rule 23(b)(2), does not authorize class certification when each class member would be entitled to an individualized monetary award. *Id.* Even prior to *Dukes*, the Eleventh Circuit recognized that "monetary relief ... is only available in a Rule 23(b)(2) class action if it is incidental to the requested injunctive or declaratory relief." *Vega*, 564 F.3d at 1265 n. 8. The Eleventh Circuit defines the "specific criteria to determine whether monetary damages are incidental to equitable relief, as when the damages flow directly from liability to the class as a whole on the claim forming the basis of the injunctive or declaratory relief." *Stalley*, 296 F.R.D. at 684 (internal quotations and citations omitted.) The class members should automatically be entitled to damages once liability to the class as a whole is established and should not entail complex individualized determinations. *Id.*

Defendants argue that Plaintiff's attempt to pursue certification as to the injunctive claims only denies the rest of the class due process as to their monetary claims. Further, they argue that the monetary damages sought by Plaintiff and potentially by the other class members, are not incidental to the injunction claims. If a district court concludes that the damages requested in the complaint require individual determination, as to preclude class

certification, the court may exempt the damages claim and allow the injunctive relief claims to proceed. *See Murray*, 244 F.3d at 812 ("the district court abused its discretion by not exempting the damages claim from class treatment under Fed.R.Civ.P. 23(b)(2)." Nonetheless, as stated earlier, many of the class members, especially those whose images have commercial value or paid the removal fee, may consider the monetary damages requested to be of far greater significance than injunctive relief. *See Cooper*, 390 F.3d at 721.

After careful consideration of the parties' arguments, the Court is not persuaded that the damages relief Plaintiff requests is incidental to the injunctive relief or that certification is appropriate under Rule 23(b)(2). While Plaintiff claims that certification is appropriate under Rule 23(b)(2) because the "parties' respective claims and defenses will be controlled by the Court's interpretation and application of how the facts of this case apply under § 540.08 and FDUTPA;" the Court cannot disregard the right of certain individuals to pursue damages based on the commercial value of their image due to their celebrity, i.e. pop star Justin Bieber and professional athletes Chad "Ochocinco" Johnson and Manny Ramirez, whose mages appeared on the Websites and would be part of the class. Further, some of the class members paid to have their image removed and may be entitled to a refund and bound by an arbitration provision. Rule 23(b)(2) does not provide sufficient protections to these class members in pursuing their damages claims on an individual basis and the Court declines to bifurcate the liability and damages issue. Thus, the Court concludes that the class certification is not appropriate under Rule 23(b)(2).

*Conclusion*

The Court concludes that Plaintiff has not her burden to establish that her proposed class should be certified under Rule 23(b)(2) at this time.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Certify Class (Dkt. #57) is DENIED without prejudice.

2. Plaintiff's Motion for Leave to File Reply Brief in Support of Motion for Class Certification (Dkt. #65) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of May, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2811 class certification.docx